COPY

**SUMMONS**

**SUM-100**

*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 15 2021

BY _____
ELISABETH MARTINEZ, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHRISTENSEN BROTHERS GENERAL ENGINEERING, INC., a California Corporation, and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SEVERO JOHN HERNANDEZ, on behalf of himself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):*  Civil Division of the San Bernardino Distr.<br>247 West Third St.<br>San Bernardino, CA 92415-0210 | CASE NUMBER: *(Número del Caso):*<br>**CIV SB 2107947** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Verum Law Group, APC, Sam Kim, Esq., 841 Apollo St., Ste. 340, El Segundo, CA 90245, 424-320-2000

| DATE:<br>*(Fecha)*  APR 15 2021 | Clerk, by<br>*(Secretario)*  **Elisabeth Martinez** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Christensen Brothers General Engineering, Inc., a California Corporation

    under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

COPY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 17 2021

BY _____
ELISABETH MARTINEZ, DEPUTY

Sam Kim [SBN 258467]
Yoonis Han [SBN 256151]
**VERUM LAW GROUP, APC**
841 Apollo Street, Suite 340
El Segundo, CA 90245
Telephone: (424) 320-2000
Facsimile: (424) 221-5010
skim@verumlg.com

Attorneys for Plaintiff SEVERO JOHN HERNANDEZ and all other similarly situated persons

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

SEVERO JOHN HERNANDEZ, on behalf of himself and all others similarly situated

Plaintiff,

v.

CHRISTENSEN BROTHERS GENERAL ENGINEERING, INC., a California Corporation, and DOES 1-20, inclusive,

Defendants.

Case No.   CIV SB 2 1 0 7 9 4 7

**CLASS ACTION COMPLAINT**

1) Failure to Pay All Wages in Violation of Labor Code §§ 200 et seq., 1194, and IWC Wage Order 16-2001;
2) Non-payment of Overtime Compensation in Violation of Labor Code §§ 510(a), 1194, and IWC Wage Order 16-2001;
3) Failure to Provide Proper Meal Breaks in Violation of Labor Code §§ 512, 226.7, and IWC Wage Order 16-2001;
4) Failure to Authorize and Permit Proper Rest Breaks in Violation of Labor Code § 226.7, and IWC Wage Order 16-2001;
5) Failure to Properly Maintain and Submit Itemized Wage Statements in Violation of Labor Code § 226 and IWC Wage Order 16-2001;
6) Violation of Labor Code §§ 201 and 202.7;
7) Violation of California Business & Professions Code § 17200 *et seq*;
8) Violation of Prevailing Wage Law, Labor Code §1771 et seq.;

**JURY TRIAL DEMANDED**

///
///
///

-1-

CLASS ACTION COMPLAINT

Plaintiff SEVERO JOHN HERNANDEZ ("Plaintiff") on behalf of himself and all others similarly situated, allege against Defendant CHRISTENSEN BROTHERS GENERAL ENGINEERING, INC. ("Defendant"), and DOES 1 through 20 (collectively, "Defendants"), the following:

## I.

## INTRODUCTION

1.      This is a class action, under Code of Civil Procedure § 382, seeking recovery for Defendants' violations of the California Labor Code sections 200 *et seq.,* 201, 202, 204, 223, 226, 226.7, 510, 512, 1174, 1771 *et seq.,* 1776, 1194, 1197, 1197.1, 2698 *et seq.,* California Business and Professions Code sections 17200 *et seq.,* all applicable Industrial Welfare Commission (IWC) Orders, including but not limited to Wage Order 16-2001, and other common law and equitable principles.

2.      Plaintiff's action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

3.      The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint in this action, up to and through the time of trial for this matter.

4.      This action is brought as a class action on behalf of all non-exempt employees who are or were employed by Defendants in California during the relevant time period. Within each work group, employees perform substantially similar job duties, and are paid substantially similar compensation schemes.

## II.

## THE PARTIES

## REPRESENTATIVE PLAINTIFF

5.      Plaintiff SEVERO JOHN HERNANDEZ was, at all relevant times mentioned herein, an individual residing within the State of California and employed by Defendants. Plaintiff was employed from approximately March 2020 to January 8, 2021 as a non-exempt employee.

6.      Plaintiff worked on construction projects, including public works projects in San Bernardino and nearby counties.

**DEFENDANTS**

7.      Defendant M CHRISTENSEN BROTHERS GENERAL ENGINEERING, INC. was at all relevant times mentioned herein, a corporation organized and existing under the laws of the State of California, and is engaged in business in the County of San Bernardino.

8.      Plaintiff is further informed and believes, and based thereon alleges, that Defendants, and each of them, were Plaintiff's joint employers as set forth herein and by virtue of a joint enterprise because Plaintiff performed services for each and every Defendant, to the mutual benefit of all Defendants, all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and Defendants conducted business in a manner consistent with a finding that Defendant and Does 1-20 are a joint enterprise. Defendants further divided amongst themselves control over different aspects of the employment relationship between Plaintiff and Defendants. Defendants directly or indirectly exercised control over the wages, hours, and/or working conditions of the Plaintiff. Defendants controlled and ultimately determined the wages Plaintiff would be paid and the hours Plaintiff and other employees worked, and Defendants jointly made hiring, disciplinary, and termination decisions.

9.      Plaintiff is further informed and believes, and based thereon alleges, that the Defendants were an integrated enterprise, in that each Defendants' physical address and principal place of business are identical, the operations of each Defendant are interrelated and conducted for the mutual benefit of the other, labor relations amongst Defendants are centralized, each Defendant has common management, officers, and directors, and each Defendant has common ownership and/or financial control.

10.      Defendants, and each of them, were at all times mentioned herein the agents, servants and/or employees of each of the remaining Defendants, and in doing the things alleged herein, were acting within the course and scope of their authority and acted with the knowledge, consent and permission of the other Defendant, and each of them. Each and every one of the acts and commissions alleged herein were performed by, and/or attributable to, all Defendants, each

CLASS ACTION COMPLAINT

1  acting under the direction and control of each of the other Defendants, and said acts and failures

2  to act were within the course and scope of said agency, employment and/or direction and control,

3  and were committed willfully, oppressively, and fraudulently.

4      11.    There exists, and at all times herein mentioned there existed, a unity of interest

5  and ownership between Defendant and Does 1-20, such that any individuality and separateness

6  between each Defendant has ceased, and Defendants are the alter ego of one another, and

7  Defendants are, and at all times herein mentioned was, a mere shell, instrumentality, and conduit

8  of one another, and carried on its business, exercising complete control and dominance over one

9  another to such an extent that any individuality or separateness of one Defendant to another does

10  not exist.

11      12.    Defendants DOES 1 through 20, inclusive, are sued herein under fictitious names.

12  Their true names and capacities are unknown to Plaintiff. When their true names and capacities

13  are ascertained, Plaintiff will amend their complaint by inserting their true names and capacities

14  herein. Plaintiff is informed and believes, and based thereon allege that each of the fictitiously

15  named Defendants are responsible in some manner for the occurrences herein alleged and that

16  Plaintiff's damages as herein alleged were proximately caused by those Defendants. Each

17  reference in this complaint to "Defendant" or "Defendants" refers also to all Defendants sued

18  under fictitious names.

19                                    **III.**

20                            **JURISDICTION**

21      13.    The California Superior Court has jurisdiction in this matter due to Defendants'

22  aforementioned violations of California statutory law and/or related common law principles.

23      14.    The California Superior Court also has jurisdiction in this matter because both the

24  individual and aggregate monetary damages and restitution sought herein exceed the minimal

25  jurisdictional limits of the Superior Court and will be established at trial, according to proof.

26      15.    The California Superior Court also has jurisdiction in this matter because

27  Defendants' corporate officers direct, control, and coordinate Defendants' activities from

28  Defendants' corporate headquarters located in the State of California.

///

## IV.

## VENUE

16.     Venue in San Bernardino is proper in this matter as Defendants' liabilities and obligations arose in San Bernardino, including Defendants' statutory obligations to pay Plaintiff's prevailing wages for work performed at public works project sites within the County of San Bernardino. Likewise, Defendants' statutory obligations to pay wages for all hours worked, overtime wages, timely wages upon termination and/or resignation, provide proper meal and rest periods, maintain and submit accurate wage statements and other obligations as described herein arose from the work performed by Plaintiff and similarly situated employees in San Bernardino County.

## V.

## COMMON FACTUAL ALLEGATIONS

17.     This case arises out of Defendants' failure to comply with California's wage and hour laws. At all relevant times identified herein, Defendants' compensation schemes did not fairly or lawfully compensate Plaintiff and those similarly situated employees for all hours worked.

18.     Defendants own and operate a business that performs general contractor, highway and street construction business, and heavy construction.

19.     The Plaintiff and those similarly situated employees are current and former non-exempt employees.  The job duties of these non-exempt employees include construction related responsibilities, including working on public work projects.

20.     Within the last four years of the filing of this Complaint, non-exempt employees were paid by an unlawful compensation plan that did not comply with the requisite prevailing wage rates, which govern public works projects. Pursuant to the pay plan instituted by Defendants, non-exempt employees were paid less than the requisite prevailing wage despite consisting of a public works project.

21.     The unlawful compensation plan for non-exempt employees failed to compensate

CLASS ACTION COMPLAINT

them at the proper prevailing wage rate, specifically, paying non-exempt employees at a lower rate of pay than required under the prevailing wage law based on job duties and classification.

22.     As a matter of policy and/or practice, Defendants' failed to pay non-exempt employees for each hour worked, and violates, among others, Labor Code §§ 204, 223, 510, 1194, 1197, IWC Wage Order 16-2001, and the Unfair Competition Laws pursuant to Business and Professions Code §§ 17200 *et seq.* (UCL).

23.     Defendants' pay plan also deprived the non-exempt employees of mandated overtime compensation that the non-exempt employees were due for working in excess of eight hours in one day and forty hours during the week. Within four years of the filing of this Complaint, Defendants failed to pay non-exempt employees all premium wages owed for overtime hours worked, either at one and one-half times the regular rate of pay for hours in excess of 8 per day or 40 per week, or twice the amount of the regular rate of pay for hours in excess of 12 per day. As a matter of policy and/or practice, Defendants' failure to pay overtime compensation violates, among others, Labor Code §§ 510 and 1194, IWC Wage Order 16-2001, and the UCL.

24.     Defendants adopted, implemented and enforced uniform meal period policies that are not lawful under California law. As an example, Defendants failed to provide a first meal period no later than the end of the fifth hour of work, and a second meal period no later than the end of the tenth hour of work.

25.     Defendants also created incentives to forego meal periods, encouraged the skipping of meal periods, and coerced non-exempt employees not to take their legally mandated meal periods by adopting, implementing, and enforcing: (a) a uniform pay plan that essentially required non-exempt employees to work through meal periods in order to make sufficient wages; (b) uniform policies and practices of ridiculing, criticizing, disciplining and/or reprimanding non-exempt employees who attempted to take legally mandated meal periods; (c) uniform policies and practices whereby Defendants failed to schedule meal periods; (d) uniform policies and practices whereby Defendants pressured non-exempt employees to forego meal periods; (e) uniform policies and practices whereby non-exempt employees could not take meal periods

1  because Defendants constantly pressured non-exempt employees to "stay busy" and required
2  non-exempt employees, at all times, to conduct work activities.

3      26.    As a matter of policy and/or practice, Defendants failed to permit and provide
4  non-exempt employees: (a) a first duty-free meal period of not less than thirty minutes before
5  working more than five hours; or (b) a second duty-free meal period of not less than thirty minutes
6  before working more than ten hours. Moreover, as a matter of policy and/or practice, Defendants
7  failed to pay non-exempt employees one hour of pay at their regular rate of pay for each workday
8  that a meal period was not provided.

9      27.    Defendants' failure to permit and provide non-exempt employees meal periods as
10  described herein violates, among others, Labor Code §§ 226.7 and 512, IWC Wage Order 16-
11  2001, and the UCL.

12     28.    Defendants further adopted, implemented and enforced uniform rest period
13  policies that are not lawful under California law. As a matter of policy and/or practice, therefore,
14  Defendants failed to provide non-exempt employees with a duty-free rest period of 10 minutes
15  for shifts from three and one-half to six hours of work, 20 minutes' rest for shifts of more than
16  six hours up to 10 hours, and 30 minutes' rest for shifts of more than 10 hours up to 14 hours of
17  work. Based on this unlawful policy and/or practice, Defendants failed to pay the non-exempt
18  employees one hour of pay at their regular rate of pay for each workday that a proper rest period
19  was not provided.

20     29.    The failure to permit and provide rest periods violates, among others, Labor Code
21  § 226.7, IWC Wage Order 16-2001, and the UCL.

22     30.    As a matter of policy and/or practice, Defendants further failed to provide wage
23  statements which accurately showed actual hours worked and wages. Defendants also failed to
24  properly identify the pay plan and the formula for deriving the same and failed to keep an accurate
25  record of meal breaks.

26     31.    The failure to provide accurate itemized wage statements violates, among others,
27  Labor Code § § 226 and 1174, IWC Wage Order 16-2001, and the UCL.

28     32.    Defendants further willfully failed and refused to timely pay all compensation due

and owing to non-exempt employees whose employment terminated during the relevant time period, as required by Labor Code §§ 201 and 202. As such, Defendants are liable for accrued wages due, and waiting time penalties owed in accordance with Labor Code § 203.

33.     As a matter of policy and/or practice, Defendants failed and refused to pay non-exempt employees prevailing wages for their work on public works projects in violation of, among others, Labor Code §§ 1771 *et seq.* Defendants, therefore, are liable for paying the non-exempt employees their underpaid wages and liquidated damages, among others, pursuant to Labor Code §§ 1194.2 and 1197.1.

34.     Plaintiff, moreover, seeks for himself and all others similarly situated, restitution, injunctive relief and penalties under the UCL based on violations of the California Labor Code and IWC Wage Order 16-2001.

## VI.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff, brings this action on behalf of himself and all others similarly situated, as a class action pursuant to California Code of Civil Procedure §382. The classes and sub-classes that the Plaintiff seeks to represent are composed of and defined as follows:

### Class I (Class):

All non-exempt employees employed by Defendants within the last four (4) years from the original filing date of the Complaint in this action up to and through the date of trial.

### Subclass I (Unpaid Wage Subclass):

All non-exempt employees employed by Defendants within the last four (4) years from the original filing date of the Complaint in this action who did not receive wages for all hours worked, in violation of Labor Code §§ 200 *et seq.*, 1194, 1197, and IWC Wage Order No. 16-2001.

### Subclass II (Overtime Subclass):

All non-exempt employees employed by Defendants within the last four (4) years from the original filing date of the Complaint in this action, who were subjected to Defendants' uniform pay plan, and who worked in excess of eight (8) hours per workday or in excess of forty (40) hours per workweek without receiving proper premium (i.e. 1.5 times or 2 times the regular rate) overtime compensation for the overtime hours worked in violation of California Labor Code §510 and IWC Wage Order No. 16-2001.

**Subclass III (Late Meal Period Subclass):**

All non-exempt employees employed by Defendant within the last four (4) years from the original filing date of the Complaint in this action who were not provided a 30 minute duty free meal period within the first five (5) hours of the beginning of their shift.

**Subclass IV (Second Meal Period Subclass):**

All non-exempt employees employed by Defendant within the last four (4) years from the original filing date of the Complaint in this action who were not provided a second 30 minute duty-free meal period after ten (10) hours of work.

**Subclass V (General Meal Period Subclass):**

All non-exempt employees employed by Defendants within the last four (4) years from the original filing date of the Complaint in this action who worked shifts in excess of five hours and less than ten hours and who were not provided with a 30 minute duty free meal period. (The Late Meal Period Subclass, Second Meal Period Subclass, and General Meal Period Subclass are hereinafter referred to as the Meal Period Subclasses.)

**Subclass VI (Rest Period Subclass):**

All non-exempt employees employed by Defendants within the last four (4) years from the original filing date of the Complaint in this action who worked shifts in excess of three and one-half hours and who were not permitted to take 10 minute duty free rest periods for every 4 hours of work or major fraction thereof.

**Subclass VII (Itemized Wage Statement Subclass)**

All non-exempt employees employed by Defendants within the last four (4) years from the original filing date of the Complaint in this action who received an itemized wage statement that failed to comply with Labor Code § 226.

**Subclass VIII (Waiting Time Penalty Subclass):**

All non-exempt employees employed by Defendants within the last four (4) years from the filing of this Complaint who did not receive all wages due as a result of Defendants' enforcement of their uniform policies by willfully failing to pay for all wages due upon separation from their employment.

**Subclass IX (Unfair Competition Subclass)**

All non-exempt employees employed by Defendants within the last four (4) years from the filing of this Complaint against whom Defendants conducted unlawful, unfair and/or fraudulent business practices.

**Subclass X (Prevailing Wage Subclass)**

All non-exempt employees employed Defendants within the last four (4) years from the filing of this Complaint who worked in conjunction with public works contracts for Defendants, and who

were not paid the applicable prevailing wage rates.

36.     The Class, Unpaid Wage Subclass, Overtime Subclass, Meal Period Subclasses, Rest Period Subclass, Itemized Wage Statement Subclass, Waiting Time Penalty Subclass, Unfair Competition Subclass, and Prevailing Wage Subclass are hereinafter referred to herein as the "Classes."

37.     Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Classes. In any event, Plaintiff will formally define and designate a class definition at such time when Plaintiff seeks to certify the Classes alleged herein.

38.     *Numerosity* (Code of Civil Procedure (CCP) § 382):

    a.  The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible or impractical;

    b.  The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;

    c.  The quantity and identity of such membership of the Classes is readily ascertainable via inspection of Defendants' records.

39.     *Superiority* (CCP § 382): The nature of this action and the nature of the laws available to Plaintiff make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein, as follows:

    a.  California has a public policy which encourages the use of the class action device;

    b.  By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

    c.  This case involves relatively large corporate Defendants and numerous individual class members with many relatively small claims and common issues of law and fact;

    d.  If each individual member of the Classes was required to file an individual

lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f. Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g. Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

    i. a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

    ii. a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

    iii. inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

    iv. potentially incompatible standards of conduct for Defendants; and

    v. potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h.  The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i.  Courts seeking to preserve the efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j.  The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

40.  *Well-defined Community of Interest:* Plaintiff also meets the established standards for class certification as follows:

a.  *Typicality:* The claims of Plaintiff are typical of all members of the Classes he seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of the law, as alleged herein.

b.  *Adequacy:* Plaintiff:

i.  is an adequate representative of the Classes he seeks to represent;

ii.  will fairly protect the interests of the members of the Classes;

iii.  has no interests antagonistic to the members of the Classes; and

iv.  will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c.  *Predominant Common Questions of Law or Fact:* There are common questions of law and fact as to the Classes which predominate over questions affecting only individual members. Defendants, for instance, have adopted, implemented and enforced during the relevant time period an unlawful pay plan that fails to pay the non-exempt employees at the required prevailing wage rate based on job duties and classification. Defendants also have uniform policies and practices that fail to provide a 30 minute duty-free meal period for the first five hours of work, and fail

to provide for rest periods for every four hours of work or major fraction thereof. Defendants have further adopted, implemented, and enforced other uniform policies and procedures that do not fairly compensate non-exemt for their wages, that should be decided on a class-wide basis, including, without limitation:

   i.  Whether Defendants' compensation plan is unlawful;

   ii.  Whether Defendants required or knowingly permitted non-exempt employees to forego meal breaks in violation of California Labor Code §§ 226.7 and 512, and IWC Wage Order 16-2001 as alleged herein;

   iii.  Whether Defendants' provided non-exempt employees a duty-free meal period within the first five (5) hours of work and/or a second duty-free meal period after ten (10) hours of work;

   iv.  Whether Defendants violated IWC Wage Order 16-2001 by failing to provide non-exempt employees a duty-free rest period for every four hours of work or major fraction thereof;

   v.  Whether Defendants violated California Labor Code § 510 and IWC Wage Order 16-2001 by failing to pay overtime compensation to all non-exempt employees for hours in excess of eight (8) hours per workday or in excess of forty (40) hours per workweek;

   vi.  Whether Defendants violated California Labor Code § 226(a) by failing to furnish to non-exempt employees proper itemized wage statements as alleged herein;

   vii.  Whether Defendants violated California Labor Code §§ 1771 *et. seq.* by failing to pay non-exempt employees prevailing wages;

   viii.  Whether Defendants engaged in unfair business practices;

   ix.  Whether Defendants and each of them was/were participants in the alleged unlawful and/or tortious conduct;

   x.  Whether Defendants' conduct was willful or reckless;

   xi.  Whether Plaintiff and the members of the Classes are entitled to seek

CLASS ACTION COMPLAINT

recovery of penalties for the Labor Code and IWC Wage Order violations alleged herein;

xii.   Whether Defendants violated California Labor Code §§ 201 and 202 by failing to timely pay non-exempt employees all wages due at the conclusion of their employment relationship as alleged herein;

xiii.   Whether Defendants violated California Labor Code §§ 1194 and 1197 by failing to pay wages to all non-exempt employees for each hour worked as alleged herein;

xiv.   Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

xv.   Whether the members of the Classes are entitled to injunctive relief;

xvi.   Whether the members of the Classes are entitled to restitution; and

xvii.   Whether Defendants are liable for attorneys' fees and costs.

41.    The members of the Classes are commonly entitled to a specific and designated fund with respect to monies illegally and unfairly retained by Defendants, and are entitled in common to restitution and disgorgement of those funds being improperly withheld by Defendants. This action is brought for the benefit of all members of the Classes. Whether each members of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action.

## FIRST CAUSE OF ACTION

**(Failure to Pay Wages in Violation of California Labor Code §§ 200 *et seq.*, 1194 and IWC Wage Order No. 16-2001)  (Plaintiff against All Defendants)**

42.    Plaintiff, on behalf of himself and all class members, hereby incorporate the preceding paragraphs as though fully set forth herein.

43.    California Labor Code Sections 200 *et seq.,* including 204a and 204b, establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion.

44.    Pursuant to Labor Code Sections 218 and 1194, Plaintiff and all members of the

1  Classes may bring a civil action for unpaid wages directly against Defendants without first filing
2  a claim with the Division of Labor Standards Enforcement and may recover such wages, together
3  with interest thereon, penalties, attorneys' fees and costs.

4      45.    At all relevant times, Plaintiff and all members of the Unpaid Wage Subclass
5  identified herein operated on, at, or in conjunction with construction sites exclusively within the
6  State of California, and Defendants required Plaintiff and the Unpaid Wage Subclass members
7  to perform work without compensation in violation of the IWC Wage Order No. 16-2001 and the
8  California Labor Code. Defendants have adopted and implemented unlawful compensation
9  policies, practices and procedures that, among other things, paid Plaintiff and members of the
10 Unpaid Wage Subclass for all of their time worked. For instance, Plaintiff and the Unpaid Wage
11 Subclass members routinely were required to perform pre-shift and post-shift duties without
12 compensation. Defendants' failure to pay for this time worked is improper as a matter of law.
13 Moreover, Defendants required, suffered and/or permitted Plaintiff and the Unpaid Wage
14 Subclass members to perform uncompensated "off the clock" work, so that their work was not
15 accounted for accurately or completely.

16     46.    Defendants knowingly and intentionally failed to pay Plaintiff and the Unpaid
17 Wage Subclass members for these wages due. As a result, Plaintiff and the Unpaid Wage
18 Subclass members have suffered compensatory damages and are owed wages for the work they
19 performed without compensation.

20     47.    Pursuant to Labor Code Section 218.6, Labor Code Section 1194(a), and Civil
21 Code Section 3287, Plaintiff and the Unpaid Wage Subclass members seek recovery of pre-
22 judgment interest on all amounts recovered herein.

**SECOND CAUSE OF ACTION**

**(Non-Payment of Overtime Compensation in Violation of California Labor Code §§ 510(a), 1194, and IWC Wage Order No. 16-2001) (Plaintiff against All Defendants)**

26     48.    Plaintiff, on behalf of himself and all class members, hereby incorporate the
27 preceding paragraphs as though fully set forth herein.

28     49.    Plaintiff herein regularly and routinely worked more than 8 hours per day and/or

40 hours per week, but did not receive overtime wages for these hours. Plaintiff is informed and believes, and based thereon alleges, that all members of the Overtime Subclasses also worked more than 8 hours per day and/or 40 hours per week, but did not receive overtime wages for these hours, based upon Defendants' uniform policy not to pay for overtime even though such overtime hours were worked. Amounts for overtime hours were earned by Plaintiff and the members of the Overtime Subclasses throughout their employment with Defendants, and were due and payable during employment and upon their discharge from Defendants.

50.     California Labor Code 510(a) and IWC Wage Order No. 16-2001 regulating payment of wages in the state of California, provide that eight (8) hours of labor constitutes a day's work and any work in excess of eight (8) hours in one (1) workday and any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee and any work in excess of twelve (12) hours in any one workday shall be compensated at the rate of no less than twice the regular rate of pay for each employee.

51.     California Labor Code Section 558 and IWC Wage Order No. 16-2001, state, in pertinent part, that any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of any provision regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Pursuant to this code section and/or wage order, Plaintiff and the members of the Overtime Subclasses are entitled to civil penalties for each pay period in which Defendants underpaid their wages as set forth herein.

52.     California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable

attorney's fees, and costs of suit.

53.     Plaintiff and the members of the Overtime Subclasses request that the Court award them interest on all unpaid wages at the legal rate specified by California Civil Code § 3289(b), accruing from the date the wages were due and payable pursuant to Labor Code § 218.6. Plaintiff and members of the Overtime Subclasses further request that this Court award reasonable attorneys' fees and costs incurred in this action pursuant to Labor Code §§ 1194(a), 2699, and pursuant to the common fund doctrine.

### THIRD CAUSE OF ACTION

### (Failure to Provide Proper Meal Periods in Violation of California Labor Code §§ 512, 226.7, and IWC Wage Order 16-2001) (Plaintiff against All Defendants)

54.     Plaintiff, on behalf of himself and all class members, hereby incorporate the preceding paragraphs as though fully set forth herein.

55.     California Labor Code § 512 and IWC Wage Order 16-2001 state that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee a meal period of not less than 30 minutes, and an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes. Wage Order 16-2001 states that unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. California Labor Code § 226.7, subd. (a) further states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

56.     Pursuant to Labor Code section 512 and Wage Order 16, an employer is required to provide a first meal period no later than the end of an employee's fifth hour of work, and a second meal period no later than the end of an employee's 10th hour of work. Moreover, an employer is prohibited from exerting coercion against the taking of, creating incentives to forego, or otherwise encouraging the skipping of legally protected breaks.

57.     Plaintiff and members of the Meal Period Subclasses were not provided with or given the opportunity to take the requisite meal periods before the end of the first 5 hours of

1    work, nor were they provided with or given the opportunity to take a proper second meal period

2    during the days when they worked more than 10 hours in a day. Defendants also created

3    incentives to forego meal breaks based on an unlawful piece-rate compensation policy and

4    through other means. As a result, Plaintiff and members of the Meal Period Subclasses also were

5    required to work and/or were not relieved of all duties during any meal period taken, and thus

6    were considered "on duty;" however, Defendants failed to count as time worked any "on duty"

7    meal period taken by Plaintiff and the members of the Meal Period Subclasses.

8        58.     Pursuant to California Labor Code § 226.7(b) and IWC Wage Order 16-2001, if

9    an employer fails to provide an employee a meal period in accordance with the applicable

10   provisions of IWC Wage Order 16-2001, the employer shall pay the employee one (1) hour of

11   pay at the employee's regular rate of compensation for each workday that the meal period is not

12   provided. As such, Plaintiff and members of the Meal Period Subclasses are entitled to an

13   additional one hour's pay for each day in which Plaintiff and members of the Meal Period

14   Subclasses were not provided a proper meal break under the above-described authorities.

15       59.     California Labor Code § 558 states that any employer or other person acting on

16   behalf of an employer who violates, or causes to be violated, a section of any provision regulating

17   hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1)

18   For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for

19   which the employee was underpaid in addition to an amount sufficient to recover underpaid

20   wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid

21   employee for each pay period for which the employee was underpaid in addition to an amount

22   sufficient to recover underpaid wages. Pursuant to this code section, Plaintiff, as well as members

23   of the Meal Period Subclasses are entitled to civil penalties for each pay period in which

24   Defendants underpaid their wages as set forth herein.

25       60.     Plaintiff and the members of the Meal Period Subclasses request that the Court

26   award interest on all unpaid wages at the legal rate specified by California Civil Code § 3289(b),

27   accruing from the date the wages were due and payable pursuant to Labor Code § 218.6.

28                         **FOURTH CAUSE OF ACTION**

-18-

**(Failure to Provide Proper Rest Periods in Violation of California Labor Code § 226.7**

**and IWC Wage Order 16-2001) (Plaintiff against All Defendants)**

61.     Plaintiff, on behalf of himself and all class members, hereby incorporate the preceding paragraphs as though fully set forth herein.

62.     IWC Wage Order 16-2001 states that every employer shall authorize and permit all employees to take rest periods. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours of work, or major fraction thereof. An employer must provide employees with 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.

63.     Plaintiff and the Rest Period Subclass members were regularly not provided with the opportunity to take a duty-free, ten minute rest period for every four hours of work, or a major fraction thereof.

64.     Pursuant to California Labor Code § 226.7(b) and IWC Wage Order 16-2001 if an employer fails to provide an employee a rest period in accordance with the applicable provisions of IWC Wage Order 16-2001, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

65.     As such, Plaintiff and the Rest Period Subclass members are entitled to an additional one hour's pay for each day in which they were not provided a proper rest period under the above-described authorities.

66.     California Labor Code § 558 states that any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of any provision regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount

sufficient to recover underpaid wages. Pursuant to this code section, Plaintiff, as well as members of the Rest Period Subclass are entitled to civil penalties for each pay period in which Defendants underpaid their wages as set forth herein.

67.     Plaintiff and the members of the Rest Period Subclass request that the Court award interest on all unpaid wages at the legal rate specified by California Civil Code § 3289(b), accruing from the date the wages were due and payable pursuant to Labor Code § 218.6.

## FIFTH CAUSE OF ACTION

**(Failure to Properly Maintain and Submit Itemized Wage Statements In Violation of California Labor Code §§ 226, 1174, and IWC Wage Order No. 16-2001) (Plaintiff against All Defendants)**

68.     Plaintiff, on behalf of himself and all class members, hereby incorporate the preceding paragraphs as though fully set forth herein.

69.     California Labor Code §§ 226, 1174, and/or IWC Wage Order 16-2001 require employers to maintain and provide its employees accurate time and employment records, as well as itemized wage statements showing, among other things, gross wages earned, the total hours worked by the employee, all deductions, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Furthermore, Wage Order No. 16-2001 and Labor Code § 226 requires every employer to keep accurate information with respect to each employee, including: (1) the employee's full name, home address, occupation, social security number, employee's date of birth, and time records showing when the employee begins and ends each work period; (2) an employee's meal periods; (3) total wages paid each payroll period; and (4) total hours worked during the payroll period and applicable rates of pay; and (5) when an employee is paid by the piece-rate, the piece-rate formula and the number of pieces completed.

70.     Defendants failed to properly maintain itemized wage statements in that, among other things, the wage statements provided do not set forth an accurate showing of actual hours worked, an accurate showing of wages, the meal periods taken, the piece-rate formula, number of pieces completed, and other related information required by California law. Moreover,

Defendants failed to timely submit upon request adequate itemized wage statements of Plaintiff as required by the above-referenced laws and regulations. Plaintiff is informed and believes that said failure was knowing and intentional by Defendants as Defendants sought to deprive Plaintiff and the Itemized Wage Statement Subclass members of their legitimate right to unpaid wages and/or commissions, and otherwise deprive them of overtime compensation. As a result of Defendants' intentional and knowing failure to maintain adequate itemized statements, Plaintiff and the members of the Itemized Wage Statement Subclass could not ascertain the actual amount of compensation they earned and/or were entitled to, and thereby suffered cognizable injury in the form of the accrual of unpaid wages, commissions, overtime, and interest.

71.     Pursuant to California Labor Code § 226(e), an employee who suffers injury as a result of an employer's knowing and intentional failure to comply with subdivision (a), is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

72.     Pursuant to California Labor Code § 226(h), an employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees. As such, Plaintiff and the members of the Itemized Wage Statement Subclass are entitled to statutory penalties recoverable from Defendants as described herein, as well as reasonable costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202) (Plaintiff against All Defendants)**

73.     Plaintiff, on behalf of himself and all members of the class, hereby incorporate the preceding paragraphs as though fully set forth herein.

74.     Labor Code § 201 states that an employer is required to provide an employee who is terminated all unpaid wages immediately upon termination.

75.     Plaintiff is informed and believe and thereon allege that Defendants failed to pay Plaintiff, the Waiting Time Penalty Subclass members, and other current and former employees

1    all wages due and owing immediately upon termination, thereby violating Labor Code § 201.

2    76.    Labor Code §202 states, in pertinent part, that an employer is required to provide

3    an employee who quits his or her employment all wages due and owing not later than 72 hours

4    thereafter.

5    77.    Plaintiff is informed and believe and thereon allege that Defendants failed to pay

6    Plaintiff, the Waiting Time Penalty Subclass members, and other current and former employees

7    all wages due and owing upon voluntary resignation, thereby violating Labor Code § 202.

8    78.    Labor Code §203 states that if an employer willfully fails to pay an employee

9    wages according to Labor Code §§ 201 and 202, these wages shall continue as a penalty for up

10   to a maximum of 30 days.

11   79.    Defendants willfully withheld paying Plaintiff, the Waiting Time Penalty

12   Subclass members, and other employees wages thereby violating Labor Code § 203 and requiring

13   Defendants to pay Plaintiff, the Waiting Time Penalty Subclass members, and other aggrieved

14   employees a 30 day wage penalty in addition to all unpaid wages as described herein.

15   ## SEVENTH CAUSE OF ACTION

16   **(Violation of California Business & Professions Code § 17200) (Plaintiff against All**

17   **Defendants)**

18   80.    Plaintiff, on behalf of himself and all class members, hereby incorporate the

19   preceding paragraphs as though fully set forth herein.

20   81.    California Business and Professions Code § 17200 *et seq.* prohibits unfair

21   competition in the form of any unlawful, deceptive or fraudulent business practice. The acts and

22   practices described in this complaint constitute unlawful, unfair and fraudulent business

23   practices, and unfair competition within the meaning of Business and Professions Code § 17200

24   *et seq.*

25   82.    Beginning at an exact date unknown to Plaintiff, Defendants committed unlawful

26   acts as described above, including: failing to pay overtime compensation to its employees, failing

27   to provide proper meal and rest breaks, failing to timely pay Plaintiff and members of the Unfair

28   Competition Subclass all wages due and owing, including the prevailing wage rate, failing to

1 | properly maintain and submit itemized wage statements, and adopting, implementing and
2 | enforcing uniform unlawful compensation and meal and rest break policies and procedures.

3 |      83.     The violations of these laws serve as unlawful business practices for purposes of
4 | Business and Professions Code § 17200 and remedies are provided therein under Business and
5 | Professions Code § 17203.

6 |      84.     As a proximate result of the aforementioned acts, the Defendants received and
7 | continue to hold ill-gotten gains belonging to Plaintiff and all members of the Unfair Competition
8 | Subclass in that Defendants have profited from their unlawful practices.

9 |      85.     Business and Professions Code § 17203 provides that the Court may restore to
10 | any person in interest any money or property that may have been acquired by means of such
11 | unfair competition and order restitutionary damages to Defendants by operation of the practices
12 | alleged therein. Plaintiff and all members of the Unfair Competition Subclass are entitled to
13 | restitution pursuant to Business and Professions Code §§ 17203 and 17208 for all wages and civil
14 | penalties unlawfully withheld from them during the four (4) years prior to the original filing date
15 | of this complaint.

16 |      86.     Plaintiff and all members of the Unfair Competition Subclass seek and are entitled
17 | to unpaid wages, unpaid overtime, injunctive relief, statutory and civil penalties, and any other
18 | remedy owing to Plaintiff and members of the Unfair Competition Subclass.

19 |      87.     Injunctive relief is necessary and proper to prevent Defendants from repeating
20 | their wrongful practices as alleged above.

21 |      88.     In order to prevent Defendants from profiting and benefitting from their wrongful
22 | and illegal acts, an order requiring Defendants to pay restitutionary damages to Plaintiff and all
23 | members of the Unfair Competition Subclass is also appropriate and necessary.

24 |      89.     Plaintiff herein have taken it upon himself to enforce these laws and lawful claims.
25 | There is a financial burden incurred in pursuing this action and it would be against the interests
26 | of justice to penalize Plaintiff by forcing him to pay attorneys' fees in this action. Therefore,
27 | attorneys fees are appropriate pursuant to Code of Civil Procedure § 1021.5, as well as under the
28 | common fund doctrine.

CLASS ACTION COMPLAINT

## EIGHTH CAUSE OF ACTION

**(Violation of California's Prevailing Wage Laws, Labor Code §§ 1771 *et. seq.* and 223)**

**(Plaintiff against All Defendants)**

90.     Plaintiff, on behalf of himself and all class members, hereby incorporate the preceding paragraphs as though fully set forth herein.

91.     California Labor Code § 1771 provides that all workers employed on public works projects of at least one thousand dollars ($1,000) shall be paid the "general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work as provided in this chapter." California Labor Code § 1774 further provides that "[t]he contractor to whom the [public works] contract is awarded, and any subcontractor under him, shall pay not less than the specified prevailing rates of wages to all workmen employed in the execution of the contract." California Labor Code § 223 further provides that where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

92.     Plaintiff is informed and believes, and based thereon allege, that Defendants were contractors and/or subcontractors on public works projects of greater than $1,000, and employed Plaintiff and all members of the Prevailing Wage Subclass in connection with such public works contracts, without paying Plaintiff and the Prevailing Wage Subclass members the applicable prevailing wage rates. Plaintiff and Prevailing Wage Subclass members were not paid prevailing wage rates as obligated by statute and/or contract, and the failure to pay such prevailing wages to Plaintiff and the Prevailing Wage Subclass members was done secretly by Defendants in violation of Labor Code § 223.

93.     The Prevailing Wage Law (Labor Code §§ 1770 *et seq.*) is a minimum wage law under California law. As such, Plaintiff and members of the Prevailing Wage Subclass are entitled, pursuant to Labor Code § 1194.2, to recover an amount equal to the wages unlawfully unpaid and interest thereon.

94.     Labor Code § 1197.1 states that any employer or other person acting either

1   individually or as an officer, agent, or employee of another person, who pays or causes to be paid

2   to any employee a wage less than the minimum fixed by an order of the commission shall be

3   subject to a civil penalty as follows: (1) for any initial violation that is intentionally committed,

4   one hundred dollars ($100) for each underpaid employee for each pay period for which the

5   employee is underpaid; (2) for each subsequent violation for the same specific offense, two

6   hundred fifty dollars ($250) for each underpaid employee for each pay period for which the

7   employee is underpaid regardless of whether the initial violation is intentionally committed.

8        95.    California Labor Code Section 558 and IWC Wage Order No. 16-2001, state, in

9   pertinent part, that any employer or other person acting on behalf of an employer who violates,

10  or causes to be violated, a section of this chapter or any provision regulating hours and days of

11  work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any initial

12  violation, fifty dollars ($50) for each underpaid employee for each pay period for which the

13  employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For

14  each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay

15  period for which the employee was underpaid in addition to an amount sufficient to recover

16  underpaid wages.

17       96.    As a result of Defendants' violations of the prevailing wage laws, Plaintiff, the

18  members of the Prevailing Wage Subclass and other current and former employees have suffered

19  damages for the improper payment and/or lack of payment of the prevailing wage on public

20  works projects, and they shall be entitled to any and all applicable unpaid wages and penalties

21  under the California Labor Code and applicable wage order as provided herein.

22       97.    Pursuant to Labor Code Sections 218.6, 1194(a) and/or 2699, Plaintiff and the

23  Prevailing Wage Subclass members request that this Court award interest, as well as reasonable

24  attorneys' fees and costs incurred in this action.

### PRAYER FOR RELIEF

26  1.   That the Court issue an Order certifying the Classes herein, appointing all named Plaintiff

27      as the representative of all others similarly situated, and appointing the Verum Law

28      Group, APC, representing all named Plaintiff as counsel for members of the Classes;

CLASS ACTION COMPLAINT

2. For an Order requiring Defendants to identify each of the members of the Classes by name, home address, and home telephone number;

3. For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his or her money;

4. For general and compensatory damages according to proof at trial;

5. For preliminary, permanent, and mandatory injunctive relief prohibiting the Defendants and their agents from committing any future violations of the law as herein alleged;

6. For an award of restitution, according to proof, under the Business and Professions Code § 17200 *et seq.* and applicable California Labor Code provisions;

7. Costs of suit, including attorneys' fees pursuant to California Labor Code § 1194, 218.5, 226, 2699, the common fund doctrine, and all other applicable laws providing for recovery of attorney's fees and costs in this action;

8. For interest at the legal rate of 10% per annum;

9. Liquidated damages pursuant to Labor Code § 1194.2;

10. Such further relief as the Court deems just and proper.

March 16, 2021

**VERUM LAW GROUP, APC**

Sam Kim
Yoonis Han
Attorneys for Plaintiff SEVERO JOHN HERNANDEZ and all other similarly situated persons

CLASS ACTION COMPLAINT