Sam Kim [SBN 258467]
Yoonis Han [SBN 256151]
**VERUM LAW GROUP, APC**
360 N. Pacific Coast Highway, Suite 1025
El Segundo, CA 90245
Telephone: (424) 320-2000
Facsimile: (424) 221-5010
skim@verumlg.com
yhan@verumlg.com

Attorneys for Plaintiffs SEVERO JOHN HERNANDEZ,
UMEET NAND, KRISTOFER BARR, and
all other similarly situated persons

[*Additional Counsel on Following Page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVERO JOHN HERNANDEZ, UMEET NAND, KRISTOFER BARR, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>CHRISTENSEN BROTHERS GENERAL ENGINEERING, INC., a California Corporation; CALEB CHRISTENSEN, and DOES 1-20, inclusive<br><br>                Defendants. | Case No. 5:22-cv-00836 AB (SP)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**<br><br>Date: January 12, 2024<br>Time: 10:00 a.m.<br>Courtroom: 7B<br><br>Complaint Filed: March 17, 2021<br>Trial Date: None Set<br><br>Judge: Hon. André Birotte Jr.<br>Magistrate Judge: Hon. Sheri Pym |

Daniel J. Brown (Bar No. 307604)
Ethan C. Surls (Bar No. 327605)
**STANSBURY BROWN LAW, PC**
2610 ½ Abbot Kinney Blvd.
Venice, CA 90291
Telephone: (323) 204-3124
dbrown@stansburybrownlaw.com
esurls@stansburybrownlaw.com

Attorneys for Plaintiffs SEVERO JOHN HERNANDEZ,
KRISTOFER BARR, and all other similarly situated persons

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL
APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on January 12, 2024, at 10:00 a.m., in Room 7B of the United States District Court for the Central District of California, 350 W. 1st Street, Los Angeles, CA 90012, Plaintiffs SEVERO JOHN HERNANDEZ, UMEET NAND, KRISTOFER BARR (collectively, "Plaintiffs"), and Plaintiffs' Counsel will and hereby do move this Court for final approval of the proposed Stipulation of Class and PAGA Settlement ("Settlement" or "Settlement Agreement") with Defendants CHRISTENSEN BROTHERS GENERAL ENGINEERING, INC. and CALEB CHRISTENSEN (collectively, "Defendants"). Specifically, Plaintiffs move the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order finally approving the Settlement as fair, reasonable, and adequate. This Motion is made on the grounds that the Settlement is fair, adequate, and reasonable given the relative strengths and weaknesses of the claims and defenses; the risks, expense, complexity and likely duration of further litigation; the amount offered in settlement; the experience and views of counsel; and the public policy in favor of quieting litigation.

This Motion is based upon the accompanying (1) Memorandum of Points and Authorities, (2) the Declaration of Sam Kim, (3) the Declaration of Yoonis Han, (4) the Declaration of Daniel J. Brown, (5) the Declaration of Ethan C. Surls, (6) the previously filed Declaration of Severo John Hernandez on June 30, 2023 (Dkt. No. 47), (7) the previously filed Declaration of Umeet Nand on June 30, 2023 (Dkt. No. 47), (8) the previously filed Declaration of Kristofer Barr on June 30, 2023 (Dkt. No. 47), (9) the Declaration of Lluvia Islas; (10) the exhibits attached to the foregoing declarations, and such other oral arguments and documentary evidence

///
///
///
///

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

as may be presented to the Court at the hearing of this Motion.

Dated: December 1, 2023          **VERUM LAW GROUP, APC**


By:_____/s/ Yoonis Han_____
                     Sam Kim
                     Yoonis Han
                     Attorneys for Plaintiffs Severo John
                     Hernandez, Umeet Nand, Kristofer Barr,
                     and all others similarly situated


Dated: December 1, 2023          **STANSBURY BROWN LAW, PC**


By:_____/s/ Daniel J. Brown_____
                     Daniel J. Brown
                     Ethan C. Surls
                     Attorneys for Plaintiffs SEVERO JOHN
                     HERNANEZ, KRISTOPHER BARR, and
                     all other similarly situated persons

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL
APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................... 1

II.   SUMMARY OF THE LITIGATION ........................................................ 2

  a.   Procedural History ............................................................................ 2

  b.   Discovery ........................................................................................... 5

  c.   Mediations.......................................................................................... 6

  d.   Order Granting Preliminary Approval ............................................... 7

III.  SUMMARY OF THE SETTLEMENT TERMS ........................................ 8

IV.   THE NOTICE AND SETTLEMENT ADMINISTRATION PROCESS WAS

COMPLETED PURSUANT TO THE COURT'S ORDER....................................... 10

V.    ARGUMENT ........................................................................................... 12

  a.   The Standard for Final Approval Has Been Met ............................. 12

  b.   Class Counsel Conducted a Thorough Investigation of the Factual and Legal Issues .... 14

  c.   The Settlement Was Achieved After Evaluating the Strengths of Plaintiffs' Case and the

  Risks, Expenses, Complexity, and Likely Duration of Further Litigation ............................. 15

  d.   The Settlement Was Reached Through Arm's-Length Bargaining in Which the Parties

  Were Represented by Experienced Counsel ........................................................................... 17

  e.   The Class Has Responded Positively to the Settlement.................................................. 18

  f.   The Proposed PAGA Settlement Is Reasonable ............................................................. 19

VI.   CONCLUSION........................................................................................ 21

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL
APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

# TABLE OF AUTHORITIES

**Cases**

*7-Eleven Owners for Fair Franchising v. Southland Corp.*, 85 Cal. App. 4th 1135 .................. 19

*Apple Computer, Inc. Derivative Litig.* ........................................................................ 17

*Churchill Village, LLC v. Gen. Elec.* ........................................................................... 18

*Clesceri v. Beach City Investigations & Protective Servs.*, 2011 U.S. Dist. LEXIS 11676 ....... 16

*D'Amato v. Deutsche Bank*, 236 F.3d 78 ...................................................................... 17

*Doty v. Costco Wholesale Corp.* ................................................................................. 19

*Gomez v. Amadeus Salon, Inc.* ................................................................................... 19

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 .................................................................... 13

*Hopson v. Hanesbrands Inc.*, 2009 U.S. Dist. LEXIS 33900 ........................................... 20

*Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116 ............................................. 16

*Lane v. Facebook, Inc.*, 2010 U.S. Dist. LEXIS 24762 ................................................... 16

*Lim v. Victoria's Secret Stores, Inc.* .......................................................................... 19

*Nordstrom Com. Cases*, 186 Cal. App. 4th 576 ........................................................... 20

*Palencia v. 99 Cents Only Stores* ............................................................................... 19

*Sorenson v. PetSmart, Inc.* ....................................................................................... 19

*Staton v. Boeing Co.*, 327 F.3d 938 ............................................................................ 14

*Volkswagon "Clean Diesel" Mktg., Sales Practices, &Prods. Liab. Litig.* ............................. 18

**Statutes**

28 U.S.C. §§ 1331, 1441 and 1446 .............................................................................. 4

29 U.S.C. § 216(B) .............................................................................................. 4, 5

Fed. R. Civ. Proc. 23 ............................................................................................... 13

Fed. R. Civ. Proc. 23(e) .................................................................................. 1, 12,13

Federal Rule of Civil Procedure ("FRCP"), Section 30(b)(6) ............................... 5, 14

**Other Authorities**

Manual for Complex Litigation § 21.632 (4th ed. 2004) ..................................... 12, 13

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL
APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

Manual for Complex Litigation § 21.634 ...................................................................... 13

**Rules**

Rule 23 ..............................................................................................................iii, 4, 5

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

On August 1, 2023, the Court granted preliminary approval of the Stipulation of Class and PAGA Settlement ("Settlement" or "Settlement Agreement"), executed between Plaintiffs SEVERO JOHN HERNANDEZ ("Plaintiff Hernandez"), UMEET NAND ("Plaintiff Nand"), KRISTOFER BARR ("Plaintiff Barr") (collectively, "Plaintiffs") and Defendants CHRISTENSEN BROTHERS GENERAL ENGINEERING, INC. ("Defendant CBG") and CALEB CHRISTENSEN (collectively, "Defendants") (collectively, Plaintiffs and Defendants are hereinafter referred to as the "Parties"). (See Order Granting Motion for Preliminary Approval of Class Action Settlement ["Preliminary Approval Order")], Dkt. No. 50). After over two years of litigation and preliminary approval, Plaintiffs now seek final approval of this non-reversionary Settlement of $250,000.00 dollars for approximately 327 Settlement Class Members. An objective evaluation of the Settlement confirms that the requirements of Fed. R. Civ. Proc. 23(e) have been satisfied. Further, the relief negotiated on behalf of the Class is fair, reasonable, and adequate in light of the risks of continued litigation, supporting Plaintiffs' request that the Court grant an order finally approving the Settlement.

The Preliminary Approval Order approved distribution of the Class Notice Packet by Phoenix Settlement Administrators, the Settlement Administrator. (See Preliminary Approval Order, ¶ 8 (c), Dkt. No. 50) Class Members were given 60 days to opt out or object to the Settlement ("Response Deadline"). (See Exhibit A attached to the Declaration of Sam Kim ("Kim Decl.") ¶ 9, Settlement Agreement, ¶ 6(E). Now that the Response Deadline has passed, Plaintiffs are pleased to report the following: (1) only five of the Notice of Class Action Settlement ("Notice") mailed to Class Members have been deemed undeliverable; (2) only four out of the

327 Class Members opted out of the Settlement; (3) none of the Class Members objected to the Settlement; (4) the entire Net Settlement Amount will be disbursed to 323 Settlement Class Members; and (5) the average payment to Settlement Class Members is approximately $168.73. (See Declaration of Lluvia Islas in Support of Plaintiffs' Motion for Final Approval of Class and Representative Action Settlement ("Islas Decl.") ¶¶ 7-9 and 13).

As discussed below, the Settlement was negotiated by the Parties at arm's length with helpful guidance from Nikki Tolt, Esq., an experienced and well-respected class action mediator. See Declaration of Daniel J. Brown in Support of Plaintiffs' Motion for Preliminary Approval of Class and Representative Action Settlement ("Brown MPA Decl."), ¶ 7. The relief offered by the Settlement is particularly fair and reasonable when viewed against the difficulties encountered by Plaintiffs in this Lawsuit, and the fact that the Settlement was reached after the Court denied class certification. By resolving the dispute now rather than proceeding with an appeal, Settlement Class Members will not have to wait (potentially years) for relief, nor will they have to bear the risk of losing on appeal. Brown MPA Decl., ¶ 29 and 32. Accordingly, given the Settlement's favorable terms and the manner in which these terms were negotiated and received by Class Members, Plaintiffs respectfully request that the Court grant this Motion for Order Granting Final Approval of Class Action Settlement, enter a judgment, and retain jurisdiction to enforce the Settlement.

## II.    SUMMARY OF THE LITIGATION

The Settlement aims to resolve a proposed class and representative action lawsuit against Defendants.

### a.  Procedural History

Plaintiff Nand filed a putative class action complaint ("Nand Complaint") against Defendant CBG on November 18, 2020, in Los Angeles County Superior Court, Case No. 20STCV44100, which alleged causes of action for: (1) minimum

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

wage violations; (2) failure to pay all overtime wages; (3) meal period violations; (4) rest period violations; (5) failure to reimburse for necessary business expenses; (6) wage statement violations; (7) waiting time penalties; (8) unfair competition; and, (9) failure to pay prevailing wages. *See* Brown MPA Decl., ¶ 7. Plaintiff Nand filed a First Amended Class and Representative Action Complaint ("Nand FAC") on March 23, 2021, to add an additional cause of action for civil penalties under the Private Attorneys General Act ("PAGA") pursuant to Labor Code Sections 2698 *et seq*. based on claims asserted in the PAGA letter Plaintiff Nand submitted to the LWDA on November 17, 2020 ("Nand PAGA Letter"). *See* Exh. D, Brown MPA Decl., ¶ 7. The Nand Complaint, Nand FAC, and Nand PAGA Letter are referred to herein as the "Nand Action."

Plaintiff Hernandez filed a class action complaint ("Hernandez Complaint") against Defendant CBG on March 17, 2021, in San Bernardino Superior Court, Case No. CIVSB2107947, which alleges causes of action for: (1) minimum wage violations; (2) failure to pay all overtime wages; (3) meal period violations; (4) rest period violations; (5) wage statement violations; (6) waiting time penalties; (7) unfair competition; and, (8) failure to pay prevailing wages. *See* Brown MPA Decl., ¶ 8. Plaintiff Hernandez filed a First Amended Class and Representative Action Complaint ("Hernandez FAC") on September 10, 2021, to add an additional cause of action for civil penalties under the PAGA based on claims asserted in the PAGA letter Plaintiff Hernandez submitted to the LWDA on or about July 1, 2021 ("Hernandez PAGA Letter"). *See* Exh. E, Brown MPA Decl., ¶ 8.

On March 27, 2022, Plaintiff Nand and Defendant CBG entered into a stipulation to dismiss the Nand Complaint without prejudice for the purpose of coordinating/consolidating the Nand Complaint and the Hernandez Complaint in the San Bernardino Superior Court.  Brown MPA Decl., ¶ 9. On or about March 18, 2022, Plaintiff Barr submitted a PAGA letter to the LWDA and on or about March 21, 2022, Plaintiff Barr submitted an amended PAGA letter to the LWDA

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

(collectively, "Barr PAGA Letter"). *See* Exhs. F and G, Brown MPA Decl., ¶ 9.

On or about April 21, 2022, Plaintiff Hernandez filed a Second Amended Class and Representative Action Complaint ("SAC"), which served to: (i) include Plaintiff Nand as a named Plaintiff; (ii) include Plaintiff Barr as a named Plaintiff; (iii) include Defendant Caleb Christensen as a named Defendant; and (iv) add an additional cause of action for failure to pay overtime and minimum wages under the Fair Labor Standards Act ("FLSA"). Brown MPA Decl., ¶ 10.

On May 18, 2022, Defendants filed a Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. Brown MPA Decl., ¶ 11; Dkt No. 1.

On September 28, 2022, pursuant to stipulation and Court Order (Dkt. Nos. 21 - 22), Plaintiffs filed the operative Third Amended Class and Representative Action Complaint ("TAC"), which (i) redefined the putative class to include only "Field Employees" (defined below) and (ii) contained additional factual allegations regarding the facially deficient wage statements. Brown MPA Decl., ¶ 12; Dkt. No. 23. The: (i) Nand Complaint; (ii) Nand FAC; (iii) Nand PAGA Letter; (iv) Hernandez Complaint; (v) Hernandez FAC; (vi) Hernandez PAGA Letter; (vii) Barr PAGA Letter; (viii) SAC; and, (ix) TAC are collectively referred to herein as the "Lawsuit."

On November 23, 2023, Plaintiffs filed their Motion of Class Certification Under Rule 23, Conditional Collective Action Certification, and Dissemination of Notice Pursuant to 29 U.S.C. § 216(B) ("Class Certification Motion") seeking to certify ten subclasses and one FLSA collective action class comprised of CBG's Field Employees, defined as "all of Defendants' non-exempt employees in the following positions: Foreman, Operator, Pipelayer, Laborer, Cement Mason, Teamster, Driver, and similarly titled positions" who worked for Defendants from November 18, 2016, up to and through the date of the order granting class certification. Dkt. No. 27; Brown MPA Decl., ¶ 13. On January 23, 2023, Defendants filed their Opposition to Plaintiffs' Motion for Class Certification. Dkt.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

Nos. 33; Brown MPA Decl., ¶ 13. On February 13, 2023, Plaintiffs filed their Reply In Support of Motion for Class Certification Under Rule 23, Conditional Collective Action Certification, and Dissemination of Notice Pursuant to 29 U.S.C. § 216(B). Dkt. Nos. 34; Brown MPA Decl., ¶ 13. On March 25, 2023, the Court heard oral argument. Brown MPA Decl., ¶ 13.

On April 24, 2023, the Court issued its Order Denying Plaintiffs' Motion for Class Certification and Certification of FLSA Collective Action in its entirety finding (i) Plaintiffs lack standing to pursue the "facially deficient" wage statement claims and therefore could not certify any subclasses based on those claims, (ii) Plaintiffs failed to establish that Defendants engaged in any uniform practices upon which their theory of commonality for all the subclasses depends, and (iii) Plaintiffs failed to satisfy the more stringent second stage of the FLSA collective action certification analysis to certify the FLSA subclass. Dkt. No. 41; Brown MPA Decl., ¶ 14.

On June 29, 2023, the Parties filed a Joint Stipulation to Dismiss the Individual FLSA Claims with Prejudice (the "Stipulation"). Dkt. No. 45. On or about July 5, 2023, the Court granted the Stipulation and signed the Order Granting Stipulation to Dismiss Individual FLSA Claims with Prejudice. Dkt. No. 49.

### b. Discovery

The Parties have engaged in multiple rounds of formal discovery including: (i) Plaintiff Nand propounding discovery in the Nand Action, (ii) the Parties propounding multiple rounds of written class certification discovery in the Action, (iii) depositions of each named Plaintiff, (iv) depositions of CBG's Federal Rule of Civil Procedure ("FRCP"), Section 30(b)(6) witnesses, and (v) the depositions of at least 19 Class Members that provide declarations in support and against Plaintiffs' Motion for Class Certification. Brown MPA Decl., ¶ 16. Through this discovery, Plaintiffs sought and obtained, employee handbooks, various relevant policies and procedures, contact information for prospective class members, and

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL
APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

Class Member time and pay records. Brown MPA Decl., ¶ 16.

As part of Plaintiffs' Motion for Class Certification, Plaintiffs retained Ms. Laura R. Steiner, MPA and Mr. Gabriel Anello of Employment Research Corporation to conduct a detailed review of time and pay data produced by Defendants to determine: (1) the total number of Field Employees who worked for Defendants during the Class Period; (2) the total number of Field Employees currently employed by Defendants; (3) the total number of weekly pay periods and shifts worked by all Field Employees during the Class Period; (4) the total number of weekly pay periods worked by all Field Employees during the PAGA Period; (5) the average and median hourly rate of pay; (6) various shift lengths; and, (7) the number of meal period violations based on Field Employees' meal period records.  Brown MPA Decl., ¶ 17.; Dkt No. 27-2, Exh. 58-59 (Ms. Steiner's and Mr. Anello's declarations submitted in Support of Plaintiffs' Class Certification Motion).

Moreover, prior to both of the Parties' mediations (discussed below), Plaintiffs retained Mr. Jarrett Gorlick, a Partner and Senior Data Analyst with Berger Consulting Group, to conduct an in-depth damages analysis based on the claims and theories alleged in the TAC and Class Certification Motion. Brown MPA Decl., ¶ 17.

### c.  Mediations

On February 10, 2022, the Parties attended a mediation with the Hon. Ronald M. Sabraw (Ret), a well-respected mediator for wage and hour claims.  Brown MPA Decl., ¶ 18.  During the mediation, as well as before, the Parties exchanged their respective positions on the legal theories and claims in the Action.  *Id*.  The Parties were unable to reach a resolution at the mediation. *Id.*

On April 28, 2023, after the Court denied Plaintiffs' Motion for Class Certification, the Parties attended a second mediation with Ms. Nikki Tolt, Esq., another well-respected mediator for wage and hour claims.  Brown MPA Decl., ¶

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

18. While the Parties did not reach a settlement at the end of mediation, the Parties continued to engage in settlement discussions with the assistance of Ms. Tolt, while also continuing to actively litigate the Action, and several weeks later were able to reach a class and representative wide global resolution, which included the material terms of the Settlement. *Id.*

Over the next several weeks, the Parties continued to draft and negotiate the long-form Settlement, which was finalized and mutually executed on June 30, 2023, after resolving numerous disputes over the terms of the Settlement. *See* Exhibit A attached to Kim Decl., ¶ 9, Settlement Agreement. Lastly, Plaintiffs submitted the Settlement to the LWDA pursuant to Labor Code § 2699 (1)(2) on June 30, 2023. *See* Exhibit H, Brown MPA Decl., ¶ 18.

### d. Order Granting Preliminary Approval

On June 30, 2023, Plaintiffs filed their Motion for Preliminary Approval of Class and Representative Action Settlement, including declarations of Class Counsel in support thereof. (See Plaintiffs' Amended Notice of Motion and Motion for Preliminary Approval of Class and Representative Action Settlement, Dkt. No. 47.)

On July 28, 2023, Plaintiffs' Motion for Preliminary Approval came on for hearing before the Honorable André Birotte Jr., in Courtroom 7B. Kim Decl., ¶ 10. On August 1, 2023, the Court entered the Preliminary Approval Order, which, inter alia, provisionally certified the Class for settlement purposes, designated Plaintiffs as Class Representatives, designated Plaintiffs' Counsel as Class Counsel, authorized retention of Phoenix Settlement Administrators as the Settlement Administrator, approved the Notice Packet and proposed notice procedures, and set the Final Approval Hearing for January 12, 2024. Kim Decl., ¶ 11; see also Preliminary Approval Order, Dkt. No. 50.

The Preliminary Approval Order also set a deadline for Class Counsel to File their Motion for Order Granting Final Approval and Entering Judgment by

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

December 1, 2023.  *Id.*

## III.    SUMMARY OF THE SETTLEMENT TERMS

Plaintiffs' Counsel believes that the Settlement submitted to this Court for final approval is a fair and reasonable result for the Settlement Class.  In exchange for a narrowly-tailored release, limited to "any and all wage and hour and/or wage payment claims, obligations, demands, actions, rights, causes of action, and liabilities (including state and common law claims) that accrued or arose during the Class Period that were alleged, or reasonably could have been alleged, based on the facts stated in the operative TAC and/or Plaintiffs' respective PAGA Letters," the Settlement commits Defendants to pay $250,000.00 ("Maximum Settlement Amount") in addition to the employer's share of payroll taxes.  Settlement Agreement, ¶¶ 2(B) and ¶ 3.   This is a non-reversionary Settlement.  Settlement Agreement, ¶ 3(D).

The Net Settlement Amount is the Maximum Settlement Amount after all the deductions in Section 3(D) of the Settlement Agreement are made, including: (a) all costs/fees of settlement administration paid to the Settlement Administrator; (b) Enhancement Payment to Plaintiffs; (c) General Release Payments to Plaintiffs; (d) the LWDA Payment; and (e) costs and attorneys' fees for Class Counsel. Settlement Agreement, ¶ 4(A).

The Enhancement Payments are the Court approved payment of $4,000.00 paid to each of the Plaintiffs as the Class Representatives, in addition to their Participating Member Payments and General Release Payments, in recognition of their efforts and risks in assisting with the prosecution of the Lawsuit.  Settlement Agreement, ¶ 3(D)(4).

The General Release Payment is the Court approved payment of $4,000.00 to Plaintiff Hernandez, $4,000.00 to Plaintiff Barr and $2,000.00 to Plaintiff Nand, in exchange for their execution of a general release of known and unknown claims and waiver pursuant to California Civil Code § 1542.  Settlement Agreement, ¶¶

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

2(D) and 3(D)(v).

The PAGA Payment is the $5,000.00 allocated to penalties under the PAGA, of which $3,750.00 shall be paid by the Settlement Administrator directly to the LWDA; and the remaining $1,250.00 shall be distributed to Aggrieved Employees based on PAGA Workweeks. Settlement Agreement, ¶¶ 3(D)(vii) and 4(A)(i).

The Class Counsel Costs is the expenses and costs incurred by Class Counsel in connection with litigation of the Action, which are not to exceed $100,000.00 and are paid from the Maximum Settlement Amount. Settlement Agreement, ¶ 3(D)(vi). Class Counsel incurred over $100,000.00 in costs. Settlement Agreement, ¶ 3(D)(vi).

The Class Counsel Fees Award is the attorneys' fees incurred for Class Counsel's litigation and resolution of the Action, which are not to exceed 25% of the Maximum Settlement Amount, or $62,500.00 and are paid from the Maximum Settlement Amount. Settlement Agreement, ¶ 3(D)(vi).

The Settlement Administration Costs are the costs payable from the Maximum Settlement Amount to the Settlement Administrator for administering this Settlement, which are not to exceed $6,000.00. Settlement Agreement, ¶ 3(D)(iii).

The Employer Taxes are Defendants' share of any employer payroll taxes and other required employer withholdings due on the Participating Member Payments. Settlement Agreement, ¶ 3(E). Pursuant to the Settlement, Defendants have agreed to fund the employer-side taxes due separately and apart from the Maximum Settlement Amount. Islas Decl., ¶ 13.

Upon Defendants' payment of the entire Maximum Settlement Amount, in exchange for the consideration set forth in the Settlement, the claims settled, fully released and forever discharged by the Settlement Class Members, including Plaintiffs, constitute any and all wage and hour and/or wage payment claims, obligations, demands, actions, rights, causes of action, and liabilities (including

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL
APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

state and common law claims) that accrued or arose during the Class Period that were alleged, or reasonably could have been alleged, based on the facts stated in the operative TAC and/or Plaintiffs' respective PAGA Letters. ("Released Class Claims").[1]  Settlement Agreement, ¶ 2(B).  In addition, upon Defendants' payment of the entire Maximum Settlement Amount, in exchange for the PAGA Payment set forth in the Settlement, the claims settled, fully released and forever discharged by Plaintiffs as representatives of the State of California and on behalf of the LWDA, constitute any and all claims for PAGA civil penalties that accrued or arose during the PAGA Period that were alleged, or reasonably could have been alleged, based on the facts stated in the operative TAC and/or Plaintiffs' PAGA Letters. ("Released PAGA Claims").[2]   Settlement Agreement, ¶ 2(C).  Aggrieved Employees will be bound by the Judgment entered by the Court as to the Released PAGA Claims.  *Id.*

Only Plaintiffs will agree to a general release of known and unknown claims and waiver pursuant to California Civil Code § 1542.  Settlement Agreement, ¶ 2(D).

Finally, based on the terms of the Settlement, the Net Settlement Amount is $54,500.00.  Islas Decl., ¶ 12.

## IV.    THE NOTICE AND SETTLEMENT ADMINISTRATION PROCESS WAS COMPLETED PURSUANT TO THE COURT'S ORDER

As authorized by the Court's Preliminary Approval Order, the Parties engaged Phoenix Settlement Administrators ("Phoenix" or "Settlement Administrator") to provide settlement administration services. (Preliminary Approval Order, ¶ 7, Dkt. No. 50). Phoenix was responsible for: (i) preparing, translating, printing, and mailing the Notice Packet to each Class Member and

---

[1] The full scope of the Released Class Claims is listed in the Settlement Agreement, ¶ 2(B).
[2] The full scope of the Released PAGA Claims is listed in the Settlement Agreement, ¶ 2(C).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

Aggrieved Employee; (ii) responding to inquiries from Class Members; (iii) calculating the number of weeks each Class Member worked during the period from November 18, 2016 to August 1, 2023, ("Class Period") and the number of PAGA Workweeks each Aggrieved Employee worked during the time period from November 17, 2019 to August 1, 2023 ("PAGA Period"); (iv) determining the validity of letters indicating a request to be excluded from the Class Settlement ("Requests for Exclusion"), written objections to the Class Settlement ("Objections"), and/or dispute regarding the number of Class Workweeks and PAGA Workweeks submitted by Settlement Class Members; (v) calculating the Net Settlement Amount and the Participating Member Payments to Participating Members; (vi) calculating and issuing the Participating Member Payments and distributing them to Participating Members; (vii) issuing payment to Class Counsel for attorneys' fees and costs, the Enhancement Payments and General Release Payments to Plaintiff Hernandez, Plaintiff Nand and Plaintiff Barr, and the employer/employee payroll taxes to the appropriate taxing authorities; and (viii) such other tasks as set forth in the Settlement Agreement or as the Parties mutually agree or as the Court orders. Islas Decl., ¶ 2.

The Notice Packet summarized the principal terms, provided Class Members with an estimate of how much they would receive if the Settlement is finally approved, and advised Class Members how to opt-out of the Settlement and how to object to the Settlement, including disputing the estimated Participating Member Payments. See Exhibit A, Islas Decl., ¶ 5, Notice Packet. Separately, on August 31, 2023, Defendants' Counsel provided Phoenix with the Employee List that contained names, last known mailing addresses, Social Security numbers, and number of Class Period Workweeks worked by each Class Member ("Class List") during the Class Period. Islas Decl., ¶ 3.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

1    On August 31, 2023, Phoenix conducted a National Change of Address
2  ("NCOA") search in an attempt to update the class list of addresses as accurately
3  as possible.  Islas Decl., ¶ 4.
4    On September 7, 2023, Phoenix mailed the Notice Packet via U.S. first class
5  mail, in English and Spanish, to all three hundred twenty-seven (327) Class
6  Members on the Employee List.  Islas Decl., ¶ 5.  Based on the date of mailing,
7  Class Members had until November 6, 2023 to submit objections, disputes, and/or
8  Requests for Exclusions.  Islas Decl., ¶¶ 8-10.  Only four of the 327 Class Members
9  opted out of the Settlement, and no Objections to the Settlement were received by
10  Phoenix.  Islas Decl., ¶¶ 8-9.  This results in a 98.77% participation rate for this
11  Settlement.  Islas Decl., ¶ 13.  Additionally, five of the Notices were deemed
12  undeliverable.  Islas Decl., ¶ 7.  Any checks that are not cashed within 180 days of
13  issuance, including any accrued interest that has not been distributed pursuant to
14  the Order of this Court, will be distributed by the Settlement Administrator to the
15  California State Controller's Office Unclaimed Property Fund in the name of the
16  Participating Member.  Settlement Agreement, ¶ 4(C).

17  **V.    ARGUMENT**

18  **a.  The Standard for Final Approval Has Been Met**

19    A class action may only be settled, dismissed, or compromised with the
20  Court's approval. Fed. R. Civ. Proc. 23(e). The process for court approval of a class
21  action settlement is comprised of three principal stages.

22    (1)  Preliminary  Approval.  The  proposed  settlement  agreement  is
23  preliminarily reviewed by the Court for fairness, adequacy, and reasonableness. If
24  the Court believes the settlement falls within the range of reasonableness, such that
25  proceeding to a formal fairness hearing is warranted, the Court orders notice of the
26  settlement disseminated to the class. See Manual for Complex Litigation § 21.632
27  (4th ed. 2004).

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL
APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

(2) Notice Procedures: Notice of the settlement is disseminated to the class, giving class members an opportunity to object to the settlement's terms or preserve their right to bring an individual action by opting out of the settlement. See *Id*. § 21.633.

(3) Final Approval. A formal fairness or final approval hearing is held by the Court, at which time class members can be heard regarding the settlement and further evidence and arguments concerning the fairness, adequacy, and reasonableness of the settlement is presented. Following the hearing, the Court decides whether to approve the settlement and enter a final order and judgment. See *Id*. § 21.634.

The first two steps have been completed. (See generally; Preliminary Approval Order, Islas Decl.) The Court has preliminarily reviewed the proposed settlement for fairness and found it to be within the range of reasonableness meriting court approval. (See Preliminary Approval Order, Dkt. No. 50.) In addition, the Settlement Administrator notified Class Members of the proposed settlement and the upcoming fairness hearing as directed by the Court. (See generally; Islas Decl.) Plaintiffs now request the Court grant final approval of the proposed Settlement.

The decision whether to approve the proposed Settlement is committed to the sound discretion of the trial judge, and will not be overturned except upon a strong showing of a clear abuse of discretion. *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026-27 (9th Cir.1998).   Rule 23 (e) of the Fed. R. Civ. Proc. requires that the court find a class settlement to be fair, reasonable and adequate before entering final approval. Courts balance several factors in determining whether a settlement is fair, adequate and reasonable, in compliance with Fed. R. Civ. Proc. 23 (a), such as "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citation and quotation marks omitted).

These factors, discussed below, confirm that the Settlement is fair, reasonable, and adequate for Class Members. The Settlement provides reasonable value, and Class Members need not bear the risk and delay associated with appellate proceedings and/or further litigation to obtain these benefits. Brown MPA Decl., ¶¶ 29 and 32. Further, the Settlement has been met with substantial support from 323 of the 327 Class Members, as evidenced by the 98.77% participation rate. Islas Decl. ¶ 13.

### b. Class Counsel Conducted a Thorough Investigation of the Factual and Legal Issues

The Settlement is the product of informed negotiations following extensive investigation by Class Counsel. Since filing the Action on March 17, 2021, Plaintiffs' Counsel have worked diligently to prosecute the class claims, engaged in formal and informal discovery with numerous lengthy discussions with Defendants' counsel, and pushed the case efficiently towards mediation, all of which ultimately yielded the instant Settlement. Brown MPA Decl., ¶¶ 16 and 18.

Additionally, Plaintiffs' counsel propounded multiple rounds of formal discovery including: (i) Plaintiff Nand propounding discovery in the Nand Action, (ii) the Parties propounding multiple rounds of written class certification discovery in the Action, (iii) depositions of each named Plaintiff, (iv) depositions of CBG's Federal Rule of Civil Procedure ("FRCP"), Section 30(b)(6) witnesses, and (v) the depositions of at least 19 Class Members that provide declarations in support and against Plaintiffs' Motion for Class Certification. Brown MPA Decl., ¶16. Through discovery and lengthy meet and confer sessions, Plaintiffs' counsel obtained documents revealing Defendants' policies and procedures as well as time and

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

payroll records.  *Id*.  These records provided sufficient information to calculate Defendants' potential exposure. *Id*.

In addition, Plaintiffs and Defendants also exchanged information and documents informally, including: (1) the total number of Field Employees who worked for Defendants during the Class Period; (2) the total number of Field Employees currently employed by Defendants; (3) the total number of weekly pay periods and shifts worked by all Field Employees during the Class Period; and (4) the total number of weekly pay periods worked by all Field Employees during the PAGA Period.  Brown MPA Decl., ¶ 17.  Plaintiffs' counsel was also able to obtain information relating to: (1) the average and median hourly rate of pay; (2) various shift lengths; (3) the number of meal period violations based on Field Employees' meal period records; and (4) key code information for codes used in the wage statements provided to Class Members.  *Id*.

Based on this information, Plaintiffs' Counsel conducted a thorough analysis of the claims, analyzed Defendants' employment policies and practices, analyzed Defendants' timekeeping and payroll records, spoke to Defendants' counsel on numerous occasions regarding the legal theories, exchanged research and analysis on these theories, and drafted the mediation briefs before participating in two mediation sessions.  Brown MPA Decl., ¶¶ 16 and 18.  The extensive document and data exchanged allowed Class Counsel to appreciate the strengths and weaknesses of the alleged claims against the benefits of the proposed Settlement. Brown MPA Decl., ¶¶ 16, 18, and 22-30.

### c.  The Settlement Was Achieved After Evaluating the Strengths of Plaintiffs' Case and the Risks, Expenses, Complexity, and Likely Duration of Further Litigation

In considering the complexity, expenses, and likely duration of the litigation, courts weigh the benefits of the settlement against the expense and delay involved in achieving an equivalent or even more favorable result at trial. *Lane v. Facebook,*

1    *Inc.*, 2010 U.S. Dist. LEXIS 24762, *19 (N.D. Cal. 2010); see *Kullar v. Foot*
2    *Locker Retail, Inc.*, 168 Cal. App. 4th 116, 129 (2008) (The trial court "bears the
3    responsibility to ensure that the recovery represents a reasonable compromise,
4    given the magnitude and apparent merit of the claims being released, discounted
5    by the risks and expenses of attempting to establish and collect on those claims by
6    pursuing the litigation."). However, "[j]udicial policy favors settlement in class
7    actions, as substantial resources can be saved by avoiding the time, cost, and rigors
8    of formal litigation." *Clesceri v. Beach City Investigations & Protective Servs.*,
9    2011 U.S. Dist. LEXIS 11676, *22 (C.D. Cal. 2011).

10           Employment cases (including wage and hour cases) can be expensive and
11   time consuming to prosecute. That this is a class action further amplifies the
12   economies of time, effort and expense achieved by this Settlement. Based on the
13   Court's denial of class certification and risks of further litigation and potential
14   appeal(s), review of documentary evidence and data produced by Defendants, both
15   formally and informally, in the course of litigation and settlement negotiations,
16   Plaintiffs' Counsel assessed the potential value of the class claims being released
17   by the proposed Settlement (and explanation of the factors bearing on the amount
18   of the compromise). See Brown MPA Decl., ¶¶ 22-30. Based on these calculations
19   and factors (and additional risk factors, set forth below), the total exposure if
20   Plaintiffs were successful on all claims at trial is $11,616,605 (excluding penalties
21   under the PAGA). Brown MPA Decl., ¶ 29. However, the realistic exposure for
22   all claims is $407,585.20. *Id.* As such, while the Maximum Settlement Amount
23   of $250,000.00 represents approximately 61.34% of Plaintiffs' reasonably
24   forecasted recovery – Plaintiffs' Counsel also took into account the Court's denial
25   of class certification, a renewed motion for class certification and the further
26   expense and risk of proceeding with an appeal. *Id.* For the PAGA Claim, based
27   on the contested issues, Plaintiffs discounted the PAGA exposure by 85%, resulting
28   in an estimated realistic exposure of $91,230.00. Brown MPA Decl., ¶ 30. The

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL
APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

1  details of the exposure analysis and discounts for the PAGA Claim is further

2  detailed in Brown MPA Decl., ¶ 30.

3       When weighed against the tremendous uncertainty of an appeal and further

4  litigation, and the potential for the class to receive nothing or wait through years of

5  litigation and/or appeals, class members are far better served by the proposed

6  Settlement than further and protracted litigation.  Brown MPA Decl., ¶ 32.

7       **d. The Settlement Was Reached Through Arm's-Length**

8       **Bargaining in Which the Parties Were Represented by**

9       **Experienced Counsel**

10       As discussed above, the Settlement is the result of arm's-length negotiations

11  by experienced counsel and with the aid of an experienced mediator, Nikki Tolt.

12  Brown MPA Decl., ¶ 18.  Despite adversarial negotiations at mediation, the Parties

13  were able to reach a resolution following mediation.  *Id.*   Plaintiffs' Counsel credit

14  the effectiveness of mediation to the Parties' Counsel's comprehensive

15  understanding of the disputed issues and their ability to convey the strengths and

16  weaknesses of the claims and defenses in light of the risks of lengthy, uncertain,

17  and expensive litigation and appeal(s).   After the material terms were agreed upon,

18  the Parties negotiated the long-form Settlement Agreement.  *Id.*  During this time,

19  the Parties were confronted with many disputed issues.  Brown MPA Decl., ¶ 18.

20  Ultimately, the disputes were resolved and the Settlement Agreement was finalized

21  and mutually executed on June 30, 2023.  See Exhibit A, Kim Decl., Kim Decl., ¶

22  9; see also Brown MPA Decl., ¶ 18.   A mediator's participation weighs

23  considerably against any inference of a collusive settlement. See *In re Apple*

24  *Computer, Inc. Derivative Litig.*, 2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov.

25  5, 2008); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir.2001) (a "mediator's

26  involvement in pre-certification settlement negotiations helps to ensure that the

27  proceedings were free of collusion and undue pressure."). At all times, the Parties'

28  negotiations were adversarial and non-collusive.  Brown MPA Decl., ¶ 18.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL
APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

As this Settlement is the "result of arm's-length negotiations by experienced Class Counsel [it] is entitled to 'an initial presumption of fairness.'" *In re Volkswagon "Clean Diesel" Mktg., Sales Practices, &Prods. Liab. Litig.*, 2016 WL 4010049, at \*14 (N.D. Cal. July 26, 2016) (internal citation omitted). There is no reason to doubt Class Counsel's experience, knowledge or commitment. Class Counsel are highly experienced and knowledgeable regarding complex federal and state wage and hour class actions, such as this action. Kim Decl., ¶¶ 3-8; see also Declaration of Yoonis Han ("Han Decl.") ¶¶ 3-9; Brown Decl., ¶¶ 3-6; Declaration of Ethan C. Surls ("Surls Decl."), ¶¶ 3-5. Indeed, Class Counsel have handled many wage and hour cases on behalf of employees alleging claims just like those raised in this lawsuit. Kim Decl., ¶¶ 5, 8; see also Han Decl., ¶ 9; Brown Decl., ¶¶ 3-8; Surls Decl., ¶¶ 3-8. In sum, Class Counsel fully committed their resources to representing the Class, have the skill and expertise to do it properly, and will continue to do so whether or not the Settlement is approved. Class Counsel believe the Settlement provides a reasonable recovery for the Class, obtaining a $250,000.00 settlement, even after the Court's denial of class certification. Accordingly, Class Counsel obtained a favorable resolution on behalf of the Class based on their prior experience and investigation of this case, and therefore request that the Court grant final approval of the Settlement.

### e.  The Class Has Responded Positively to the Settlement

The Settlement Class' response demonstrates its support for this Settlement. Only four Class Member opted out and zero Class Members objected to the Settlement. Islas Decl., ¶¶ 8-9. Settlement Class Members will share the entire Net Settlement Amount and will receive an average payment of $168.73, with the highest payment estimated at $1,512.09, and the lowest at $4.32. Islas Decl., ¶ 13. A low number of opt-outs and objections is a strong indicator that a settlement is fair and reasonable. See, e.g., *Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) (affirming settlement approval where 45 of approximately 90,000

notified class members objected and 500 opted out); *7-Eleven Owners for Fair Franchising v. Southland Corp.*, 85 Cal. App. 4th 1135, 1152-53 (2000) (class response favorable where "[a] mere 80 of the 5,454 national class members elected to opt out [(1.5% of the entire Class)] and . . . [a] total of nine members . . . objected to the settlement"). The Class Members' response – both in the extremely low rate of opt-outs and lack of objectors – compares favorably to those cases and warrants final approval. Likewise, the average Settlement Class Member recovery of $168.73 compares favorably to other wage and hour class action settlements for similar claims on behalf of hourly employees, taking into account denial of class certification. See, e.g., *Palencia v. 99 Cents Only Stores*, No. 34-2010-00079619 (Sacramento County Super. Ct.) (average net recovery of approximately $80); *Doty v. Costco Wholesale Corp.*, Case No. CV05-3241 FMC-JWJx (C.D. Cal. May 14, 2007) (average net recovery of approximately $65); *Sorenson v. PetSmart, Inc.*, Case No. 2:06-CV-02674-JAM-DAD (E.D. Cal.) (average net recovery of approximately $60); *Lim v. Victoria's Secret Stores, Inc.*, Case No. 04CC00213 (Orange County Super. Ct.) (average net recovery of approximately $35); *Gomez v. Amadeus Salon, Inc.*, Case No. BC392297 (L.A. Super. Ct.) (average net recovery of approximately $20). Accordingly, the high participation rate, the low number of opt-outs, and no objections by Settlement Class Members supports a finding that the Settlement is fair and reasonable.

### f. The Proposed PAGA Settlement Is Reasonable

Pursuant to the Settlement Agreement, $5,000.00 of the Maximum Settlement Amount Fund will be allocated to the resolution of the PAGA claim, of which 75% ($3,750) will be paid directly to the LWDA, and the remaining 25% ($1,250) will be distributed to PAGA Group Members based on Compensable PAGA Workweeks. Settlement Agreement, ¶ 3(D)(vii). This result was reached after good-faith negotiation between the Parties. Brown MPA Decl., ¶ 18. Where PAGA penalties are negotiated in good faith and "there is no indication that [the]

amount was the result of self-interest at the expense of other Class Members," such amounts are generally considered reasonable. *Hopson v. Hanesbrands Inc*., 2009 U.S. Dist. LEXIS 33900, at *24 (N.D. Cal. Apr. 3, 2009); see also *Nordstrom Com. Cases*, 186 Cal. App. 4th 576, 579 (2010) ("[T]rial court did not abuse its discretion in approving a settlement which does not allocate any damages to the PAGA claims."). The PAGA component of the Settlement is the product of arm's-length negotiations between counsel who are well versed in the intricacies of PAGA litigation and, more importantly, wage and hour employment law.  Kim Decl., ¶¶ 3-8; Han Decl., ¶¶ 3-9; Brown Decl., ¶¶ 3-6; Surls Decl., ¶¶ 3-5.  Class Counsel conducted extensive formal and informal investigation and discovery into the claims at issue and have assessed both the strengths and weaknesses of the claims and the risks of continued litigation.  Brown MPA Decl., ¶¶ 22-30.  The PAGA allocation is sufficient to satisfy the PAGA purposes of punishment and deterrence, especially in light of the denial of certification on the same claims, possibility that Plaintiffs might not prevail on proving their claims, or that the Court could reduce the PAGA award in its discretion.  Brown MPA Decl., ¶ 30.  Based on the foregoing, Class Counsel strongly believe that the PAGA component of the Settlement appropriately reflects the relative strengths of the Parties' respective claims and defenses, as well as the substantial risks presented in continuing the litigation.  *Id*.  Pursuant to Labor Code § 2699 (l)(2), Plaintiffs' Counsel submitted a copy of the Settlement to the LWDA on June 30, 2023.  *See* Exhibit H, Brown MPA Decl., ¶ 18.  As such, the Court should approve the PAGA allocation based on the finding that the allocation is the result of good faith, arm's-length negotiation, and therefore fair, adequate, and reasonable.

///

///

///

///

Case No. 5:22-cv-00836 AB (SPx)

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL
APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

## VI.  CONCLUSION

Based on all of the foregoing, Plaintiffs respectfully request that the Court grant final approval of the Settlement.

Dated:  December 1, 2023          **VERUM LAW GROUP, APC**

By:_____/s/ Yoonis Han_____
            Sam Kim
            Yoonis Han
            Attorneys for Plaintiffs Severo John Hernandez, Umeet Nand, Kristofer Barr, and all others similarly situated

Dated: December 1, 2023          **STANSBURY BROWN LAW, PC**

By: _____/s/ Daniel J. Brown_____
            Daniel J. Brown
            Ethan C. Surls
            Attorneys for Plaintiffs SEVERO JOHN HERNANEZ, KRISTOPHER BARR, and all other similarly situated persons

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 1, 2023          _____/s/ Yoonis Han_____
            Sam Kim
            Yoonis Han
            Attorneys for Plaintiffs SEVERO JOHN HERNANEZ, UMEET NAND, KRISTOPHER BARR, and all other similarly situated persons