JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVERO JOHN HERNANDEZ, UMEET NAND, KRISTOFER BARR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTENSEN BROTHERS GENERAL ENGINEERING, INC., a California Corporation; CALEB CHRISTENSEN, and DOES 1-20, inclusive<br><br>Defendants. | Case No. 5:22-cv-00836 AB (SP)<br><br>[~~PROPOSED~~] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>Date:  January 12, 2024<br>Time:  10:00 a.m.<br>Courtroom:  7B<br><br>Complaint Filed:  March 17, 2021<br>Trial Date:  None Set<br><br>Judge:  Hon. André Birotte Jr.<br>Magistrate Judge:  Hon. Sheri Pym |

The Court held a Final Approval Hearing in this Action on January 12, 2024, notice of which was duly given in accordance with this Court's Order: 1) Preliminarily Approving the Proposed Settlement; 2) Provisionally Certifying a Settlement Class; 3) Approving the PAGA Aggrieved Employees Definition; 4) Setting a Final Approval Hearing; and 5) Approving the Notice Packet ("Preliminary Approval Order"). There were no objections to the settlement.

The Court has considered all matters submitted at the Final Approval Hearing and otherwise, and finds no just reason for delay in entry of this Final

Judgment and good cause appearing therefore, the Court ORDERS, ADJUDGES, AND DECREES as follows:

1. The Stipulation of Class and PAGA Settlement (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all members of the Settlement Class certified as follows: "as all current and former 'Field Employees' (Defined as Defendants' non-exempt employees in the positions of i) Foreman; ii) Operator; iii) Pipelayer; iv) Laborer; v) Cement Mason; vi) Teamster; vii) Driver; and viii) similarly titled positions) of Defendants who worked at any time during the period of November 18, 2016 through August 1, 2023"  The PAGA Aggrieved Employees bound by this Judgment include "all current and former non-exempt employees of Defendants who worked for Defendants at any time during the period of November 17, 2019 up to August 1, 2023."

3. Set forth in Paragraph 8 of the Declaration of Lluvia Islas, the following individuals validly requested exclusion from the Settlement Class: 1) Robert T. Lawson; 2) John D. Cummings; 3) Israel Morales-Rojas; and 4) Kelly B. Ives. These individuals are thus excluded.

4. The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between Plaintiffs, Class Counsel and Defendant.

5. The Court finds and concludes that Class Notice was disseminated to the Settlement Class in accordance with the terms set forth in the Settlement Agreement, and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

6. The Court further finds and concludes that the Class Notice set forth

in the Settlement Agreement fully satisfies Federal Rule of Civil Procedure 23 and the requirements of due process, was the best notice practicable under the circumstances, provided individual notice to the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

7. This Court hereby finds and concludes that the notice provided by the Phoenix Settlement Administrators, the Settlement Administrator, to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715(b) fully satisfied the requirements of that statute.

8. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Federal Rule of Civil Procedure 23(e)(2), and directs its consummation pursuant to its terms and conditions.

9. This Court hereby dismisses this Action with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

10. Upon Final Approval (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Judgment and Order of Dismissal), the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Class Claims.

11. Upon Final Approval (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Judgment and Order of Dismissal), the Plaintiffs as representatives of the State of California and on behalf of the LWDA unconditionally, fully, and finally release and forever discharge the Released Parties from the Released PAGA Claims. Aggrieved Employees will be bound to the Judgment entered by the Court as to the Released

PAGA Claims.

12. The Settlement Agreement (including, without limitation, its exhibits) and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of a statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, or of the truth of any of the claims asserted by Plaintiffs in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

13. If for any reason the Settlement terminates or Final Approval does not occur, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

//
//
//
//
//
//
//

14. The Court finally approves Verum Law Group, APC ("VLG"), and Stansbury Brown Law, PC ("SBL"), as Class Counsel and approves their application for $62,500.00 in attorneys' fees and $100,000.00 in costs as follows:

    a. <u>Attorney Fees</u>
        i. VLG = $31,250.00
        ii. SBL = $31,250.00
            1. Total = $62,500.00
    b. <u>Costs</u>
        i. VLG = $54,522.28
        ii. SBL = $45,477.72
            1. Total = $100,000.00

15. The Court finally approves Severo John Hernandez ("Plaintiff Hernandez"), Umeet Nand ("Plaintiff Nand"), and Kristofer Barr ("Plaintiff Barr") (collectively, "Plaintiffs"), as adequate Class Representatives, and approves their Enhancement Payment in the amount of $4,000.00 to each of the Class Representatives (totaling $12,000.00), and General Release Payments in the amount of $4,000 to Plaintiff Hernandez, $4,000 to Plaintiff Barr, and $2,000 to Plaintiff Nand (totaling $10,000.00).

16. The Court approves the payment to the LWDA of $3,750.00 and the remaining $1,250.00 payable to Aggrieved Employees.

17. The Court approves the payment to the Settlement Administrator in the amount of $6,000.00.

18. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The clerk of the Court is directed to enter this Order on the docket forthwith.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: January 12, 2024          _____
                                      Hon. André Birotte Jr.
                                      U.S. DISTRICT COURT JUDGE